**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) WANDA TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIV-17-324-R |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| **(1) MIDLAND FUNDING LLC,** | ) | **(Unlawful Debt Collection Practices)** |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, Wanda Taylor, and for her Complaint against Defendant, Midland Funding LLC, alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Midland Funding LLC for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

       Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

       Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

       It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Mustang, County of Canadian, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C.

1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in San Diego, California.

10. Upon information and belief, Defendant uses interstate mail and makes telephone calls to consumers attempting to collect on defaulted consumer debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. In 2015 and 2016, Defendant sent correspondences to Plaintiff seeking and demanding payment for several a debt purportedly owed to Defendant for a defaulted consumer debts originally owed to Citibank with Defendant's reference number xxxx2030.

13. Additionally, in January and February 2016, Defendant's agent and law firm, Love Beal & Nixon, PC, sent letters to Plaintiff demanding payment for 2 other debts allegedly owed to Defendant with balances of $21,749,41 and $7,678.45. These debts were also reported by Defendant on Plaintiff's credit reports as having account numbers 853420**** and 854058****.

14. On January 12, 2016, Plaintiff faxed several letters to Defendant advising Defendant that she refused to pay the alleged debts pursuant to 15 U.S.C. §1692c(c).

15. Pursuant to 15 U.S.C. §1692c(c), after Defendant received Plaintiff's written notices, Defendant may not further communicate with Plaintiff regarding the debt, except only for limited purposes, such as to advise Plaintiff that Defendant is ceasing communications or notifying Plaintiff that Defendant is invoking a certain remedy, like filing a lawsuit.

16. On February 15, 2016, Defendant's debt collector law firm and agent sent new collection letters to Plaintiff again seeking payment for the 853420**** and 854058**** debt.

17. On or about June 8, 2016, Defendant sent a new collection letter to Plaintiff again seeking payment for the xxxx2030 alleged debt.

18. On or about July 20, 2016, Defendant sent a new collection letter to Plaintiff again seeking payment for the xxxx2030 alleged debt.

19. On February 7, 2017, Defendant's debt collector law firm and agent sent new collection letters to Plaintiff again seeking payment for the 853420**** and 854058**** debt.

20. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21. Defendant violated §1692c(c) of the FDCPA by continuing its attempts to collect a debt from Plaintiff after Plaintiff notified Defendant in writing that Plaintiff refused to pay the alleged debt.

**WHEREFORE**, Plaintiff, Wanda Taylor, respectfully prays that judgment be entered against Defendant, Midland Funding LLC, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

    d)    Any other relief that this court deems to be just and proper.

        Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

**PARAMOUNT LAW**
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
2924@paramount-law.net